## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL BRIAN FEWELL,

        Plaintiff,

    v.                                                                    Civ. No. 21-398 KG-SCY

MARTIN O'MALLEY,
Commissioner of Social Security,

        Defendant.

### PROPOSED FINDINGS AND RECOMMEND DISPOSITION

    **THIS MATTER** comes before the Court on Plaintiff's Motion For Attorney's Fees Pursuant To 42 USC 406(B), Doc. 35.[1] Plaintiff's counsel requests a fee award of $22,753.45. The Commissioner indicates she is not a party to § 406(b) fee awards and "neither supports nor opposes" the request. Doc. 36 at 1; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants"). Having considered the Motion and the relevant law, I recommend granting Plaintiff's Motion in part but declining to award the full amount of the fee requested.

### BACKGROUND

    Plaintiff appealed the denial of his application for benefits to this Court, resulting in a stipulated remand to the agency for rehearing. Doc. 35 at 1. Counsel requested and was awarded EAJA fees for the work performed in this Court. *Id.* at 2. On remand, the agency granted

---

[1] The Honorable Kenneth J. Gonzales referred this matter to me for proposed findings and a recommended disposition under 28 U.S.C. § 636(b). Doc. 12.

Plaintiff's application and Plaintiff was awarded total past-due benefits, 25% of which were withheld for attorney's fees, amounting to $25,865. Doc. 35-2 at 3.

Plaintiff's attorneys, Decker Griffel, LLC, now seek an amount of $22,753.45 in attorneys' fees pursuant to 42 U.S.C. § 406(b)(1), and argue that this is well within the 25% of past-due benefits statutorily authorized for attorneys' fees for representation in court proceedings, represents a fair fee, and is justified by the time expended on this case, the result achieved, and the skill of the attorneys. Doc. 35.

## LEGAL STANDARD

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the Agency and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation in court proceedings, a court may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006). If the amount the agency withholds in reserve for attorney's fees is less than the amount the court awards to counsel under § 406(b), counsel must look to the claimant rather than the agency to recover the difference. See *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

Although § 406(b) permits contingency fee agreements, it requires the reviewing court to

act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number. *Id*. at 807 n.17. In acting as an "an independent check" to ensure that fees are reasonable, there is no presumption that 25% of the past-due benefits is reasonable. *Id.* at 807 n.17.

Counsel bears the burden of demonstrating the reasonableness of the fees. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results the representative achieved; (2) whether the attorney was responsible for any delay; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## REASONBLENESS DETERMINATION

The full amount of the fee request is not reasonable. Some factors weigh in favor of the

request and others weigh against it. First, the motion is timely—counsel filed it within one month of the Notice of Award (May 28, 2024 to June 13, 2024). There is no evidence that counsel delayed in the proceedings before this Court. Counsel's representation was more than adequate and yielded a fully favorable decision from the agency.

However, the fee request is disproportionately large in comparison to the amount of time spent on the case. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.") Counsel represents he spent 22.2 hours on the federal court appeal. Doc. 35 at 2 n.1. This would equate to an hourly rate of $1024.93 if the request for $22,753.45 is granted.

In *Cole v. Berryhill*, I stated that a rate of $500 per hour would be more reasonable and consistent with previous awards both by this Court and other decisions in this District. Doc. 40, No. 14cv1167 SCY (order dated October 20, 2017). In 2021, I imposed a reasonable fee ceiling of $550 per hour. *Martinez v. Kijakazi*, Doc. 29, No. 19cv980 SCY (September 30, 2021). In late 2023, I recognized that the cost of legal services continues to rise, and so should the amount of a reasonable fee. I stated that a fee of $600 per hour is the highest reasonable rate based on my evaluation. *Bennett v. Kijakazi*, No. 21cv939 SCY, 2023 WL 7114595, at *2 (D.N.M. Oct. 27, 2023). These rates are consistently higher than I would award in a lodestar statutory fee-shifting context. Nonetheless, they are justified for several reasons. First, counsel was efficient in reaching a favorable result (counsel received a favorable result through expenditure of a relatively modest amount of time). Second, I recognize that the work of plaintiffs' counsel is typically compensated through contingency fees rather than hourly rates. Although I must consider whether a plaintiff counsel's fees are reasonable (particularly when the person paying those fees often has limited financial means), I am reluctant to unilaterally convert the typical

contingency fee arrangement, to which an attorney and client choose to enter, into an hourly fee arrangement. Third, I also appreciate the high risk involved in Social Security litigation for plaintiffs' counsel in general and recognize that the field is particularly specialized.

Plaintiff argues his hours are low because he successfully persuaded the Commissioner to agree to a stipulated remand. Doc. 35 at 6-7. Although this is a very efficient result that preserves the resources of the parties and the Court, I also note that one reason the Commissioner may consider stipulating to remand, if otherwise legally appropriate, would be to reduce overhead associated with Social Security cases, such as attorney's fees. Therefore, this is not a reason to award more than the ceiling of what I find to be a reasonable hourly rate.

## CONCLUSION

I recommend that Plaintiff's Motion For Attorney's Fees Pursuant To 42 USC 406(B), Doc. 35 be GRANTED IN PART AND DENIED IN PART. I recommend a fee award of $13,320, which represents $600 an hour, for legal services rendered in the United States District Court, payable to Decker Griffel, LLC, to be paid from the claimant's past-due benefits. I further recommend that counsel must refund to Plaintiff any EAJA fees that were not previously garnished under the Treasury Offset Program.

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**